UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CASE NO**: **1:22-cv-5478**

KATELYN PRATE, individually,
and on behalf of all others
similarly situated,

  Plaintiffs,

vs.

THE WHITE SHEEP, INC.,
an Illinois corporation,

  Defendant.
_____/

**COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, KATELYN PRATE ("Plaintiff"), on behalf of herself and all others similarly situated, files this Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant, THE WHITE SHEEP, INC. (referred to herein after as "Defendant" or "White Sheep") for failure to comply with provisions of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Act ("IMWA"), and to recover applicable tips and minimum wages for certain hours worked for herself and all Restaurant Servers (hereinafter "Servers") who worked within the past 3 years for The White Sheep restaurant in Orland Park, Illinois, pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and 820 ILCS 105, and in support states as follows:

**INTRODUCTION**

1. This lawsuit arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), et. seq. for Defendant's

failure to pay Plaintiff and other similarly situated Servers applicable minimum wages within the past 3 years. Defendant operates The White Sheep restaurant in Orland Park, Illinois, where for the past 3 years it has treated its Servers as customarily tipped employees under the FLSA and IMWL. Defendant pays its tipped employees 40% of the applicable Illinois minimum wage for each hour worked in an effort to avail itself of the tip-credit provisions of the IMWL and FLSA. These tip credit provisions permit employers of customarily tipped employees to pay wages less than the full minimum wage, so long as employers comply with specific notice requirements and do not require the tipped employees to share tips with customarily non-tipped employees. During the past 3 years Defendant has enforced a policy of requiring Servers to share portions of their hard-earned tips with ineligible participants who are customarily non-tipped employees which resulted in violations of the FLSA and IMWA. Plaintiff seeks to recover the tip credit taken by Defendant for herself and all members of the putative class, as well as the tips that were improperly misappropriated, and to otherwise stop Defendant from engaging in this unlawful conduct.

## PARTIES

2. Plaintiff and Class Members are/were Servers who worked for Defendant within the last 3 years at The White Sheep at 14335 South La Grange Road, Orland Park, Illinois.

3. Plaintiff and Class Members were paid less than the applicable federal and Illinois minimum wage by Defendant for certain hours worked in one or more workweeks.

4. Plaintiff worked for Defendant as a Server from approximately June 2022 through the end of September 2022.

5. The proposed Class Members worked for Defendant as Servers in the same or identical capacity as Plaintiff within the past 3 years.

6. Plaintiff and proposed Class Members were subjected to similar violations of IMWA and the FLSA.

7. Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Tip Share Collective:** **All Servers who worked for Defendant at The White Sheep in Orland Park, Illinois during the past 3 years, who were required to share any portions of their tips with dishwashers, cooks, or other back of the house workers.**

8. Plaintiff further seeks class certification under Fed. R. Civ. P. 23 of the following class of Servers for Defendant's failure to pay mandated minimum wages pursuant to the Illinois Minimum Wage Act ("IMWA"):

**Tip Share Class:** **All Servers who worked for Defendant at The White Sheep in Orland Park, Illinois, during the past 3 years, who were required to share any portions of their tips with dishwashers, cooks, or other back of the house workers.**

9. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members exceeds 50 Servers.

10. At all times material hereto, Plaintiff, and members of the putative class, were non-exempt "employees" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 § U.S.C. 203(d), and the IWPCA, 820 ILCS 115/2.

11. At all times material hereto, Defendant was the "employer" of Plaintiff and each putative class as that term is defined under IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. § 203(d), and IWPCA, 820 ILCS 115/2.

12. Defendant's principal address is 14335 South La Grange Road, Orland Park, Illinois, within the jurisdiction of this Honorable Court. Defendant may be served through its registered agent Chris J. Simadis, 15770 S. Bell Road, Homer Glen, Illinois 60491.

## JURISDICTION & VENUE

13. This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the IMWA, and the ILCS, to recover damages from Defendant and reasonable attorney's fees and costs. The relief sought under Illinois law in this action is intended to include each and every Server who worked for Defendant at any time within the past three (3) years at The White Sheep in Orland Park, Illinois.

14. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

15. All acts and omissions giving rise to Plaintiff's claim took place within Orland Park, Illinois, which falls within the jurisdiction of this Honorable Court.

16. This Court has jurisdiction and venue over this Collective/Class Action Complaint, as Defendant's principal address is in Orland Park, Illinois, where the subject restaurant operates.

## FLSA COVERAGE

17. Defendant is an enterprise covered by the Fair Labor Standards Act ("FLSA"), and IMWA, and ILCS, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Defendant's employees handled goods such as napkins, silverware, appliances, liquor, beer, food items, French fries, credit cards, debit cards, restaurant equipment, pens, chairs,

tables, vacuum cleaners, steaks, seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

19. Defendant had annual gross revenue in excess of $500,000.00 in 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL FACTUAL ALLEGATIONS

20. Defendant operates The White Sheep restaurant in Orland Park, Illinois.

21. The White Sheep provides a variety of food and drink services to the general public.

22. Defendant employed Plaintiff and Class Members as "Servers" at The White Sheep within the past three (3) years.

23. Plaintiff and Class Members were non-exempt employees of Defendant.

24. Plaintiff and Class Members' job duties consisted of serving patrons and customers.

25. The work performed by Plaintiff and Class Members was an integral part of the business for Defendant.

26. Defendant controlled and/or remained responsible for the work of Plaintiff and the Class Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Illinois law.

27. Defendant had power to hire and fire Plaintiff and Class Members.

28. Defendant and/or managers and supervisors enforce pay policies at the subject restaurant and require Plaintiff and Class Members to comply with these requirements.

29. Defendant controlled Plaintiff and Class Members' work schedules by either issuing the schedules themselves and/or delegating this task to restaurant managers.

30. Defendant scheduled Plaintiff and Class Members to work certain shifts by either issuing schedules themselves and/or delegating this task to restaurant managers and supervisors.

31. Defendant required Plaintiff and Class Members to work a certain number of days and hours during the week.

32. Defendant required Plaintiff and Class Members to work specific days of the week.

33. Defendant provided necessary training to Servers to work in the restaurant.

34. Defendant determined the rate and method of payment of Plaintiff and all Servers.

35. Defendant established and enforced tip share practices and policies in the restaurant.

36. During the past 3 years Defendant attempted to take a tip credit toward the requisite federal and Illinois Minimum Wages paid to Plaintiff and Class Members.

37. Defendant required Plaintiff and Class Members to share or otherwise surrender portions of their tips to customarily non-tipped restaurant staff including dishwashers and cooks.[1]

38. Below is a printout from The White Sheep showing that Plaintiff was required to "tip out" certain portions of her hard-earned tips to The White Sheep's dishwashers and cooks:

---

[1] Dishwashers and cooks are not employees who customarily receive tips and are therefore not permitted to be included in a tip share or tip pool if the employer is taking a tip credit. *See, e.g.,* Walsh v. Dayemi Organization, Inc., 2022 WL 2291706 at *4 (S.D. Ill. June 24, 2022) *citing* Berger v. Perry's Steakhouse of Ill., LLC, 430 F.Supp.3d 397, 404 (N.D. Ill. 2019); *see, also,* Starr v. Chicago Cut Steakhouse, LLC, 75 F.Supp.3d 859 (N.D. Ill. 2014); Black v. P.F. Chang's China Bistro, Inc., 2017 WL 2080408 at *9 (N.D. Ill. 2017) ("Under the FLSA an employer may not avail itself of the tip credit if it requires tipped employees to share their tips with employees who do not 'customarily and regularly receive tips.'") *quoting* Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 240 (2nd Cir. 2011); Roussell v. Brinker Int'l, Inc., 441 Fed. Appx. 222, 231 (5th Cir. 2011) ("Back of the house staff like cooks and dishwashers… cannot participate in a mandatory tip pool"); *Dept. of Labor Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act* – "A valid tip pool may not include employees who do not customarily and regularly receive tips, such as dishwashers, cooks, chefs, and janitors."



39. One or more of the individuals listed above were employed by Defendant as dishwashers and/or cooks or other back of the house workers during the relevant time period and received a portion of Plaintiff's tips.

40. The dishwashers and cooks had no customer interaction at the restaurant and Plaintiff and Class Members did not voluntarily provide these tips to the dishwashers and cooks.

41. During the past 3 years Defendant required Plaintiff and Class Members to share or surrender tips with dishwashers and cooks in violation of FLSA and IMWA regulations.

42. Defendant's violation of the tip regulations under the FLSA and IMWA results in forfeiture of all tip credits taken for Plaintiff and Class Members, and these individuals are entitled to receive the full federal and/or Illinois Minimum Wage for each hour worked in light of the illegal tip share and sharing practices enforced by Defendant.

43. Plaintiff and members of the putative class are also entitled to recover any and all tips they were required to share with ineligible participants.

7

44. In 2019, the Illinois Minimum Wage was $8.25 per hour.

45. In 2019, the 40% applicable reduced wage for tipped employees in Illinois was $4.95 per hour.

46. In 2020, from January 1 through June 30, the Illinois Minimum Wage was $9.25 per hour.

47. In 2020, from January 1 through June 30, the 40% applicable reduced wage for tipped employees in Illinois was $5.55 per hour.

48. In 2020, from July 1 through December 31, the Illinois Minimum Wage was $10.00 per hour.

49. In 2020, from July 1 through December, the 40% applicable reduced wage for tipped employees in Illinois was $6.00 per hour.

50. In 2021, the Illinois Minimum Wage was $11.00 per hour.

51. In 2021, the 40% applicable reduced wage for tipped employees in Illinois was $6.60 per hour.

52. From January 1, 2022, through the present the Illinois Minimum Wage is $12.00 per hour.

53. From January 1, 2022, through the present, the 40% applicable reduced wage for tipped employees in Illinois is $7.20 per hour.

54. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for hours worked in each of the preceding three (3) years.

55. The records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and Class Members are in the possession, custody, and control of Defendant.

56. Defendant violated the FLSA by allowing certain ineligible individuals (including dishwashers and cooks) to receive a portion of the tip share to which Plaintiff and members of the putative class were required to contribute.

57. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

58. Defendant was aware of the requirements of the FLSA, the ILWA, and the ILCS, and the pertinent regulations thereto, yet acted willfully and/or intentionally in failing to pay Plaintiff and the class members in accordance with the law.

59. The applicable statute of limitations under the FLSA is therefore 3 years as opposed to 2 years and the applicable statute of limitations under the ILWA and ILCS is 3 years.

## CLASS ALLEGATIONS

60. Class members are treated equally and similarly by Defendant, in that they were commonly mistreated by Defendant as they were not paid full and proper Illinois minimum wages for all hours worked.

61. On information and belief, Defendant employed in excess of 50 class members who were not paid Illinois minimum wage for certain hours worked within the past five (5) years.

62. Defendant required Plaintiff and class members to share their tips with ineligible individuals which constitutes a violation of federal and Illinois law.[2]

---

[2] "Tip credits are treated identically under both the Illinois Minimum Wage Act and the federal Fair Labor Standards Act, and so cases on the requirements for a tip credit under the FLSA are also relevant to the requirements of the Illinois Minimum Wage Act." *See, e.g.,* Williams-Green

63. Defendant's violation of the tip sharing regulations results in a forfeiture of the tip federal and state tip credit for the entire class of Servers which requires Defendant to pay the full Illinois Minimum Wage to each member of the class.

64. Plaintiff and Class Members worked at the same restaurant in Orland Park, Illinois.

65. Plaintiff and Class Members performed the same job duties as Servers and were paid in an identical manner by Defendant based on Defendant treating the Servers as tipped employees but requiring them to share portions of their tips with ineligible individuals.

66. Plaintiff and Class Members were not paid proper Illinois minimum wages.

67. Defendant was aware of the requirements of Illinois law yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

68. The claims alleged under Illinois law may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

69. The number of individuals in the class is so numerous that joinder of all members is impracticable. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 50 Servers.

70. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

71. Plaintiff has no interests that are contrary to or in conflict with the class.

---

v. J. Alexander's Restaurants, Inc., 277 F.R.D. 374 (N.D. Ill. 2011) citing Morgan v. SpeakEasy, LLC, 625 F.Supp.2d 632, 650 (N.D. Ill. 2007); see, also, Cho v. Maru Restaursant, Inc., 194 F.Supp.3d 700 (N.D. Ill. 2016) ("The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes") quoting Labriola v. Clinton Entm't. Mgmt., LLC, 2016 WL 1106862 at *5 (N.D. Ill. 2016) (collecting cases).

72. A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

73. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of Illinois law.

74. Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

75. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a) Whether Defendant employed Servers within meaning of the law;

b) Whether Defendant uniformly, willfully, and wrongfully failed to pay Servers the Illinois minimum wage for all hours worked;

c) Whether Defendant required Servers to contribute tips to ineligible recipients in the restaurant;

d) What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

e) Whether Defendant's failure to compensate Plaintiff and the class members at the applicable Illinois minimum wage was willful, intentional, or done with reckless disregard.

76. The relief sought is common to the entire class including:

a) Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to Illinois law;

b) Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to Illinois law;

c) Payment by Defendant for damages related to unlawful tip shareing practices; and

d) Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

77. Plaintiff's claims are typical of the claims of members of the class.

78. Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of Illinois law.

79. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

80. As a result of Defendant's intentional and willful failure to comply with the FLSA and Illinois law, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – COLLECTIVE ACTION FOR VIOLATION OF THE FLSA**
**(Tip Share Collective)**

81. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 80 as though set forth fully herein.

82. Defendant required Plaintiff in one or more workweeks of her employment to share or otherwise surrender portions of tips she earned with ineligible individuals who are not customarily tipped employees including dishwashers and cooks.

83. Defendant enforced this requirement or was otherwise aware of this practice and allowed it to continue to occur, notwithstanding that this practice runs contrary to the FLSA's requirements concerning the tip credit.

84. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff has been damaged in the loss of tips and wages in one or more weeks of work during her employment with Defendant.

85. By requiring Plaintiff to share portions of her tips with ineligible individuals the Defendant forfeits any tip credit taken to offset wages owed to its Servers in the restaurant during the past 3 years.

86. Defendant's willful and/or intentional violation of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

87. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KATELYN PRATE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, THE WHITE SHEEP, INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all misappropriated tips Plaintiff was required to share with ineligible recipients to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – RULE 23 CLASS ACTION FOR ILLINOIS MINIMUM WAGE VIOLATIONS
**(Tip Share Class)**

88. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 80 as though set forth fully herein.

89. Defendant violated the IMWA provision on minimum wages by attempting to take a tip credit against applicable state minimum wages while requiring Plaintiff to share portions of her tips with ineligible participants.

90. Defendant enforced this unlawful policy against all Servers in the restaurant within the past 3 years.

91. Defendant therefore forfeits any tip credit under Illinois law and owes each Server *at least* the tip credit taken for each hour of work they performed within the past 3 years in time periods in which Defendant failed to comply with the reduced wage requirements.

92. Plaintiff and the class members are entitled to receive at least Illinois' minimum wage for certain hours worked.

93. In 2019, the Illinois Minimum Wage was $8.25 per hour. The applicable tip credit under Illinois law during this time period was $3.30 per hour.

94. From January 1, 2020, through June 30, 2020, the Illinois Minimum Wage was $9.25 per hour. The applicable tip credit under Illinois law during this time period was $3.70 per hour.

95. From July 1, 2020, through December 31, 2020, the Illinois Minimum Wage was $10.00 per hour. The applicable tip credit under Illinois law during this time period was $4.00.

96. In 2021, the Illinois Minimum Wage was $11.00 per hour. The applicable tip credit under Illinois law during this time period was $4.40 per hour.

97. In 2022, the Illinois Minimum Wage is $12.00 per hour. The applicable tip credit under Illinois law during this time period was $4.80 per hour.

98. Plaintiff and the proposed Tip Share Class members were subjected to similar violations of the IMWA. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Illinois' mandated minimum wages:

> **All Servers who worked for Defendant at The White Sheep in Orland Park, Illinois, during the three (3) years preceding this lawsuit, who were required to share tips with dishwashers or cooks.**

RULE 23 CLASS ALLEGATIONS

99. Plaintiff brings this IMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Share Class").

100. The putative Tip Share Class members are treated equally and similarly by Defendant, in that they were denied full and proper Illinois minimum wage based upon the Defendant's requirement that Servers share portions of their tips with back of the house workers including dishwashers and cooks.

101. *Numerosity:* Defendant employed in excess of 50 Servers in the class during the past three (3) years who were required to share portions of their tips with dishwashers and cooks. Given Defendant's considerable size and the systematic nature of its failure to comply with Illinois law, the members of the Class are so numerous that joinder of all members is impractical.

102. Plaintiff and the class members were subject to the same policies.

103. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following:

(a) Whether Plaintiff and the Tip Share Class were "employees" of Defendant;

(b) Whether Plaintiff and the Tip Share Class' hours were properly recorded;

(c) Whether Defendant violated the IMWA rights of Plaintiff and the Tip Share Class under the IMWA by requiring the Servers to share portions of their tips with dishwashers and cooks and then failing to compensate the Servers the applicable wage;

(d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Share Class the Illinois minimum wages as required under state law;

(e) Whether Defendant knew or should have known of the Illinois minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f) The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Share Class based upon Defendant's conduct.

104. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Share Class. Plaintiff's claims arise from the Defendant's company-wide policy of forcing Servers to share portions of their tips with ineligible participants.

105. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Share Class. Plaintiff has no interest that might conflict with the interests of the Tip Share Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

106. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

107. Defendant has acted on grounds generally applicable to the Tip Share Class, thereby making relief appropriate with respect to the Tip Share Class as a whole. Prosecution of separate actions by individual members of the Tip Share Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Share Class that would establish incompatible standards of conduct for Defendant.

108. Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Share Class.

109. Plaintiff and the Tip Share Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's requirement that Servers share portions of their tips with dishwashers and cooks and other back of the house workers.

110. Plaintiff and the Tip Share Class members were not paid proper Illinois minimum wage for the hours worked.

111. Defendant was aware of the requirements of the IMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Share Class members in accordance with the law.

112. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Share Class members exceeds 50 Servers.

113. This action is intended to include each and every Server who worked at Defendant's restaurant in Orland Park, Illinois, during the past three (3) years as each of these Servers was required to share portions of their tips with dishwashers and cooks.

114. During all material times hereto, Plaintiff and all Tip Share Class members were non-exempt employees of Defendant.

115. Plaintiff and the Tip Share Class members performed work as Servers which was an integral part of the business for Defendant.

116. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Illinois' minimum wage for each hour worked.

117. Plaintiffs have complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

118. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

119. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the IMWA.

120. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

121. The relief sought is common to the entire class including, inter alia:

(a) Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the IMWA;

(b) Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the IMWA as a result of Defendants' intentional and/or willful violations;

(c) Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

122. Plaintiff and the Tip Share Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the IMWA.

123. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KATELYN PRATE, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, THE WHITE SHEEP, INC., and award

Plaintiff, and the putative class: (a) unliquidated Illinois minimum wage damages to be paid by Defendant to the class; (b) liquidated damages to be paid by Defendant to the class; (c) all reasonable attorney's fees and costs as permitted under Illinois law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff and Class Members hereby demand trial by jury on all counts above.

**Dated this 6th of October 2022**.

Respectfully submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 6, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

**SERVICE LIST:**